[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 11, 2006
THOMAS K. KAHN
CLERK

No. 05-17182
Non-Argument Calendar
_____

BIA Nos. A79-343-123 & A79-343-124

HECTOR DE JESUS PALACIO,
MARIA EDITH BEJARANO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(July 11, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Colombian native and citizen Hector De Jesus Palacio[1] petitions this Court for review of the Board of Immigration Appeals' (BIA's) decision adopting and affirming the Immigration Judge's (IJ's) order denying his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT).[2] We dismiss his petition as to his asylum claim and deny his petition as to his withholding of removal claim.

## I. DISCUSSION

### A. *Standard of Review*

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA expressly adopted the IJ's reasoning, and we review the IJ's decision as if it were the BIA's. To the extent the IJ's decision was based upon a legal determination, we review the IJ's decision de novo. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). We review the IJ's factual determinations under the substantial evidence standard, and "must affirm the [IJ's]

---

[1] Palacio is the primary applicant. His wife, Maria Edith Bejarano, is a derivative applicant and relies on Palacio's asylum application. Accordingly, we will refer to Palacio and his claims for relief.

[2] Because Palacio's brief challenges only the denial of asylum and withholding of removal, he has abandoned his claim for CAT relief. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Al Najjar*, 257 F.3d at 1283-84 (citations omitted). "Under this highly deferential standard of review, the IJ's decision can be reversed only if the evidence compels a reasonable fact finder to find otherwise." *Sepulveda*, 401 F.3d at 1230 (quotations and citations omitted). The IJ's credibility determination is also reviewed under the substantial evidence test, and this Court does "not substitute its judgment for that of the IJ with respect to its credibility findings." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004).

B. *Asylum*

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). However, the applicant must demonstrate by clear and convincing evidence that the application has been filed within one year after the date of the alien's arrival in the United States unless the alien can show (1) changed circumstances which materially affect the applicant's eligibility for asylum or (2) extraordinary circumstances relating to the delay in filing an application within one year. 8 U.S.C. § 1158(a)(2)(B), (D). Courts do not have jurisdiction to review a determination of the Attorney General as to the timeliness of an asylum application or the existence of changed or extraordinary circumstances. 8 U.S.C. § 1158(a)(3); *see also Chacon-Botero v. U.S. Att'y Gen.*,

427 F.3d 954, 957 (holding we continue to lack jurisdiction over this determination after the enactment of the Real ID Act of 2005) . Here, the IJ found Palacio failed to show extraordinary circumstances excusing the late filing of his asylum application, and we do not have jurisdiction to review the IJ's determination. Thus, we dismiss his petition as to the asylum claim.

C. *Withholding of Removal*

The INA provides "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The applicant bears the burden of demonstrating "that it is more likely than not [h]e will be persecuted or tortured upon being returned to [his] country." *Sepulveda*, 401 F.3d at 1232 (quotations and citation omitted). This burden of proof for withholding of removal is more stringent than the burden for asylum. *Id.* Thus, if an applicant is unable to meet the well-founded fear standard for asylum,[3] he is generally precluded from qualifying for withholding of removal. *Id.* at 1232-33.

---

[3] To establish asylum eligibility, the alien must establish, with specific and credible evidence, (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" the statutorily listed factor will cause such future persecution. *Sepulveda*, 401 F.3d at 1230-31.

An adverse credibility finding can be fatal to an applicant's asylum claim if the applicant fails to corroborate his testimony. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). An adverse credibility finding, however, "does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant." *Id.* Once the IJ makes an adverse credibility determination, the burden is on the applicant to show the determination was not based on "specific, cogent reasons or was not based on substantial evidence." *Id.* (quotations and citation omitted).

Substantial evidence supports the IJ's adverse credibility finding. The IJ presented specific, cogent reasons for his finding that Palacio was not a credible witness, pointing to the discrepancy between Palacio's testimony and the police report submitted in support of his application. Palacio testified the writer of the letter he received at his parents' house stated he was from the Revolutionary Armed Forces of Colombia Fifth Front, the same group Palacio claimed was threatening him based on his work with the youth in his area. The police report, however, stated Palacio reported the letter was related to an incident in which a group of guerillas stole Palacio's motorcycle, and Palacio believed he was being threatened because he reported the incident. Palacio also testified that, after the incident with the letter on February 3, 1999, nothing else happened. The police report, however, stated Palacio received a threatening phone call after receiving the

5

letter. Palacio attempted to explain the discrepancy by stating he did not go into the detail with the police because of the guerillas in the region. This statement does not explain the discrepancy, however, because Palacio accused the guerillas of making the threats in the police report, but for a different reason–because he reported the theft of his motorcycle. Further, Palacio's father later filed a police complaint, in which he stated Palacio was a victim of threats because of the motorcycle incident.

Additionally, the IJ's finding that Palacio's testimony was vague and lacked specific detail is also supported by substantial evidence. For instance, Palacio could not recall the full names of some of his Community Action Board (CAB) colleagues. Further, he gave little detail about the particular activities he organized for the youth. Also, when questioned about certain details related to either his political work or the threats, Palacio did not answer the question and had to be asked more than once before he provided an answer and often did not provide specific dates.

Next, Palacio did not produce sufficient corroborating evidence to meet his burden of proof for his withholding of removal claim. Palacio asserts the BIA erred by affirming the IJ's denial of withholding of removal without considering the documentary evidence. Because the BIA adopted the IJ's reasoning, we review the IJ's decision, and Palacio does not assert the IJ failed to consider the

6

documents he submitted in support of his application. In fact, the IJ found the documentary evidence did not support Palacio's claim he was persecuted because of his CAB work as Palacio presented no verification of his membership or work with that group and did not provide a satisfactory explanation for his failure to submit such documentation. The only other relevant evidence submitted by Palacio was the police documents related to his and his father's complaints, and evidence verifying his membership in the United Liberal Movement (ULM). The IJ discounted the police documents for the reasons discussed above and did not express any doubt as to the ULM membership. This documentary evidence, however, was insufficient to meet his burden of showing it was more likely than not he would be persecuted if he returned to Colombia. Further, Palacio's explanation that he did not obtain evidence of his CAB membership because the man who was president at that time had since died did not compel a reasonable trier of fact to conclude corroborating evidence was unavailable. *See* 8 U.S.C. § 1252(b)(4). Thus, the IJ did not err by requiring Palacio to produce additional corroborating evidence in order to sustain his burden of proof for his withholding of removal claim.

## II. CONCLUSION

We do not have jurisdiction to review the IJ's finding that Palacio failed to establish changed or extraordinary circumstances excusing the untimeliness of his

asylum application, and we dismiss the petition as to asylum. Additionally, substantial evidence supports the IJ's conclusion that Palacio is not entitled to withholding of removal and we deny the petition as to withholding of removal.

PETITION DISMISSED IN PART AND DENIED IN PART.